### STATE ex NEWMAN v SKINNER et

Ohio Appeals, 2nd Dist, Franklin Co

No 2300. Decided May 9, 1933

Matthew L. Bigger, Columbus, for relator.
John W. Bricker, Attorney General, Columbus, and C. F. Olds, Special Counsel, Columbus, for defendant.

**OPINION**

BY THE COURT

Is the relator, John Henry Newman, a public officer falling within the provisions of **Article II, §38 of the Constitution?** If the State Librarian is a public officer then the provision of §154-52, **GC,** which attempts to confer authority upon the State Library Board to remove the State Librarian at its pleasure is in conflict with the provisions of **Article II, §38 of the Constitution.**

The relator claims in brief that he is a public officer and can only be removed from office in the manner provided in §10-1 GC which requires the filing and hearing of a complaint and as further provided in §10-2, GC, which among other things requires the signature of 10% of the qualified electors as shown by the next preceding general election of the political subdivision or unit of government whose officer is sought to be removed. In no case, however, shall such signatures be less than 10 nor more than 1000 electors.

Counsel have presented an interesting question which we have examined with care. We have considered the authorities cited by counsel and made some independent examination of the question ourselves.

Sec 154-51, GC, creates a State Library Board and defines the appointment, the term and the compensation of the members of such board.

Sec 154-52, GC, reads as follows:

"The State Library Board shall appoint and may remove a State Librarian, who shall, under the direction and supervision of the board be the head of the Library service of the State with power to appoint and remove all assistants and heads of departments in the State Library Service."

Sec 154-53, GC, is as follows:

"The State Library Board shall make such rules for the government of the State Library, the use and the location of the books and other property therein or the transfer thereof as it deems necessary or advantageous to the Library Service of the State. It shall organize the Library Service of the State into departments and determine the number of assistants and other employes therein."

Sec 154-54, GC, is as follows:

"The State Librarian shall be secretary of the State Library Board. Under the direction and supervision of the State Library Board and subject to the rules and regulations established by it, the state librarian shall, through such departments as may be created by the board, exercise all powers and perform all duties vested by law in the State Board of Library Commissioners, the librarian heretofore appointed by the State Board of Library Commissioners, the library organizer heretofore appointed by the State Board of Library Commissioners and the legislative reference department and the director thereof."

The above constitute the statutory provisions in reference to the State Library Board and the State Librarian.

Sec 154-52 GC clearly gives to the State Library Board the right to remove the State Librarian at its pleasure.

·The sections of the Code above quoted confer certain powers upon the Librarian. In §154-53 GC it is clear that the government of the State Library and the organization of the Library Service in the State are placed entirely under the State Library Board and it shall adopt rules and regulations for the government of the State Library.

Sec 154-54, GC, confers upon the State Librarian certain powers and duties but this section provides that the same shall be under the direction and supervision of the State Library Board and subject to the rules and regulations of such Board.

It is difficult to define the term "public officer." A cursory examination of the books of reference discloses a wide variance in the definition that has been given from time to time by various courts and text book writers of the term "public officer."

A comprehensive definition of this term, we think, is to be found in the second paragraph of the syllabus in the case of State ex v Jennings et, 57 Oh St, 415. This paragraph of the syllabus is as follows:

"To constitute a public office against the incumbent of which quo warranto will lie, it is essential that certain independent public duties, a part of its sovereignty of the State should be appointed to it by law to be exercised by the incumbent in virtue of his election or appointment to the office, thus created or defined and not as a mere employe, subject to the direction and control of some one else."

This question has been before our Supreme Court in various forms since the decision of our Supreme Court in the 7th Oh St page 522. This general subject has also been discussed by our Supreme Court as late as the 124 Oh St, page 265, in the case of State ex Appleman v Conley.

This case involved the removal of an official stenographer of the Court of Common Pleas of Richland County and notwithstanding the rather broad powers conferred upon such official by the statutes, including the right to preside over the taking of depositions, committing to jail for contempt for refusing to be sworn or examined, etc., the majority of the court held that such official stenographer was ·not a public official and therefore could not invoke the aid of quo warranto.

Without attempting to discuss in detail the authorities cited by counsel, we cannot escape the conclusion but that the relator in this case is a mere employe of the State Library Board and is not a public official falling within the provisions of .Article II, §38 of the Constitution. We are of opinion that the reasoning of our Supreme Court in the above quoted cases and others cited requires a holding that the· relator is not a public official but is a mere employe or appointee of the State Library Board, under §154-52, GC.

It is apparent that the legislature did not intend to make the State Librarian a public official. Had it intended so to do it would not have conferred upon the State Library Board the power to summarily remove him.

Entertaining these views the petition and the supplemental petition must be dismissed.

HORNBECK, PJ, KUNKLE and BARNES, JJ, concur.